IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGELIO HAMILTON RANGEL,

        Plaintiff,                      No. CIV S-02-1633 GEB EFB P

   vs.

NABIL, et al.,

        Defendants.              <u>ORDER AND</u>
<u>FINDINGS AND RECOMMENDATIONS</u>

_____/

     Plaintiff is a state prisoner proceeding with counsel in an action brought under 42 U.S.C. § 1983.[1] His November 20, 2002 amended complaint was screened by the previously assigned magistrate judge on December 9, 2002, and service was found to be appropriate as to defendant Mehta. Dckt. No. 8. Later, on August 14, 2006, the court granted summary judgment in favor of defendant Mehta and dismissed this action. Dckt. No. 91. Judgment was duly entered. Dckt. No. 92.

     On appeal the United States Court of Appeals for the Ninth Circuit, affirmed in part, reversed in part, and remanded the case with instructions. The Court of Appeals affirmed the order granting summary judgment to defendant Mehta, but reversed the December 9, 2002 order,

---

[1] Plaintiff was proceeding *pro se* until October 1, 2009. Dckt. No. 105.

1

to the extent that it failed to order service on Dr. Nabil Athanassious. Dckt. No. 99 at 2.

The Court of Appeals noted that plaintiff had stated in his amended complaint "that he had been deliberately denied medical treatment for prostate problems," had "attached a portion of his medical records," and that plaintiff's "references to Dr. N or Dr. Nabil were meant to refer to Dr. Nabil Athanassious." *Id.* The Court of Appeals concluded that plaintiff stated a claim for relief against Athanassious. *Id.* Additionally, the Court of Appeals remanded to this court with instructions to consider "whether the prison hospital or the Attorney General" are also appropriate defendants. *Id.* at 3. The order of remand also suggested that this court appoint counsel for plaintiff. *Id.* at 3.

The undersigned appointed counsel to represent plaintiff and, after receiving plaintiff's November 3, 2009 status report, directed plaintiff to file a second amended complaint. Dckt. Nos. 105, 107, 108. Plaintiff filed a second amended complaint on December 18, 2009, Dckt. No. 109, and without requesting further leave to amend, subsequently filed a third amended complaint, Dckt. No. 110. The third amended complaint includes additional factual allegations, but in all other respects appears to be identical to the second amended complaint. The court construes this filing as a request for leave to file the newly amended complaint. "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Consistent with that policy of Rule 15(a), the court grants leave to amend and this action will proceed on plaintiff's third amended complaint.

The court has reviewed the third amended complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim against defendant Athanassious. *See* 28 U.S.C. § 1915A. The complaint does not state a cognizable claim against California Medical Facility or the California Attorney General.

////

////

////

Plaintiff alleges that the California Attorney General and California Medical Facility violated his constitutional rights pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)

Plaintiff alleges that the California Attorney General violated plaintiff's "constitutional rights to privacy and due process by exerting its administrative and investigative powers in an unlawful manner." Dckt. No. 110 at 4. There are no factual allegations showing any personal involvement by the Attorney General in the violation of plaintiff's rights. It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiff's conclusory allegations that the California Attorney General violated his constitutional rights to due process and privacy do not meet the plausibility standard of *Iqbal*. Accordingly, the claims against the California Attorney General must be dismissed.

Moreover, plaintiff may not proceed on section 1983 claims against the California Attorney General in an official capacity or California Medical Facility, as they are not "persons" within the meaning of section 1983.[2] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71

---

[2] Any official capacity claim against the California Attorney General would be further limited by the Eleventh Amendment, which bars suits for damages against state officials in their official capacities. *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."); *Romano v. Bible*, 169 F.3d 1182, 1185

(1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (state agencies are not persons within meaning of § 1983). Claims against California Medical Facility must therefore be dismissed with prejudice.

Accordingly, it is hereby ORDERED that:

1. Plaintiff is granted leave to file a third amended complaint and the allegations therein are sufficient to state a cognizable claim against defendant Athanassious. *See* 28 U.S.C. § 1915A.

2. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed February 11, 2010, one USM-285 form and instructions for service of process on defendant Athanassious.

3. Within 14 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 form and two copies of the endorsed February 11, 2010 pleading.

4. Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendant Athanassious pursuant to Federal Rule of Civil Procedure 4 without payment of costs. Defendant will be required to respond to plaintiff's allegations within the deadlines stated in Federal Rule of Civil Procedure 12(a)(1).

Further, it is hereby RECOMMENDED that:

1. Claims against California Medical Facility be dismissed with prejudice; and

2. Claims against the California Attorney General be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

---

(9th Cir. 1999), *cert. denied*, 528 U.S. 816 (1999).

4

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 25, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGELIO HAMILTON RANGEL,

       Plaintiff,                      No. CIV S-02-1633 GEB EFB P

    vs.

NABIL, et al.,

       Defendants.               <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

                             /

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        <u>  1  </u>     completed summons form

        <u>  1  </u>     completed forms USM-285

        <u>  2  </u>     copies of the February 11, 2010 Third Amended Complaint

Dated:

                                                  Plaintiff